IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| SUSAN P. HOLLENBECK, | ) |
| Plaintiff, | ) Civil Action No. 7:19CV00676 |
| v. | ) **MEMORANDUM OPINION** |
| EMMANUEL TRIKILIS and | ) By: Hon. Glen E. Conrad |
| ELITE CONTRACTORS, INC., | ) Senior United States District Judge |
| Defendants. | ) |

Susan P. Hollenbeck filed this personal injury action against Emmanuel Trikilis and Elite Contractors, Inc. ("Elite") in the Circuit Court of Alleghany County, Virginia. The defendants removed the action to this court on the basis of diversity jurisdiction. The matter is presently before the court on Hollenbeck's response to the notice of removal, which the court construes as a motion to remand. For the following reasons, the motion will be denied.

## Background

On November 17, 2017, Hollenbeck, a Virginia resident, was injured in an accident involving her vehicle and a truck driven by Trikilis. Compl. ¶¶ 1–3, ECF No. 1-1. Trikilis' truck was licensed in the State of Ohio and owned by Elite. Id. ¶ 3. Following the accident, Trikilis "claimed to be a resident of Campbell, Ohio, when interviewed by Virginia State Trooper D. Roberts." Id. ¶ 2. Trikilis was cited for and convicted of two driving offenses: failure to yield the right-of-way and failure to possess a valid driver's license. Id. ¶ 5.

Hollenbeck filed the instant action against Trikilis and Elite on September 13, 2019. Hollenbeck claims that the accident resulted from negligence and recklessness on the part of Trikilis, that Trikilis was operating the truck within the scope of his employment with Elite, and that

Elite is vicariously liable for Trikilis' negligent and reckless conduct. Id. ¶¶ 6–8. Hollenbeck seeks to recover damages in the amount of $750,000.

On October 7, 2019, the defendants removed the action to this court on the basis of diversity jurisdiction. In the notice of removal, the defendants allege that "[a]t the time the Complaint was filed, [Trikilis] was an Ohio resident." Notice of Removal ¶ 5, Dkt. No. 1. The defendants further allege that Elite "was a corporation with its principal place of business in Campbell, Ohio," and that Elite "remains an Ohio corporation." Id.

On October 22, 2019, Hollenbeck filed a response to the notice of removal. In the response, Hollenbeck admits that she is a resident of Virginia and that the amount in controversy exceeds $75,000. However, Hollenbeck refuses to admit that complete diversity of citizenship exists between the parties, and instead "calls for strict proof thereof." Response at 2–3, Dkt. No. 2.

The defendants construed Hollenbeck's response as a motion to remand, and filed a brief in opposition and accompanying exhibits on October 25, 2019. The exhibits include police and state court records listing an Ohio address for Trikilis, as well as a notice certifying that service was perfected upon Trikilis through the Commissioner of the Virginia Department of Motor Vehicles as the statutory agent for a "nonresident motor vehicle operator." See Va. Code Ann. § 8.01-308. The defendants' brief also indicates that Trikilis has been in Greece since the action was filed.

## Discussion

In order for an action to be removed from state court to federal court, the action must be one "of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). "The burden of establishing federal jurisdiction is placed upon the party seeking removal." Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1984). "While a defendant filing a notice of removal under 28 U.S.C. § 1446(a) need only allege federal jurisdiction with a short plain statement—just as federal jurisdiction is pleaded in a complaint—when removal is

challenged the removing party bears the burden of demonstrating that removal jurisdiction is proper." Strawn v. AT&T Mobility LLC, 530 F.3d 293, 297 (4th Cir. 2008) (emphasis omitted).

In this case, the defendants premised their removal upon 28 U.S.C. § 1332, pursuant to which federal district courts have original jurisdiction over civil actions in which the amount in controversy exceeds $75,000 and the dispute is between citizens of different states. See 28 U.S.C. § 1332(a). "Section 1332 requires complete diversity among the parties, meaning the citizenship of [the] plaintiff must be different from the citizenship of each defendant." Hoschar v. Appalachian Power Co., 739 F.3d 163, 170 (4th Cir. 2014). When an action is removed based on diversity of citizenship, "[d]iversity must be established at the time of removal." Higgins v. E.I. DuPont de Nemours & Co., 863 F.2d 1162, 1166 (4th Cir. 1988). Additionally, pursuant to the "forum-defendant rule," an action that is removable solely on the basis of diversity of citizenship "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

Upon review of the parties' submissions, matters of public record, and applicable law, the court concludes that the defendants have met their burden of demonstrating that complete diversity exists between the parties and that neither defendant is a citizen of Virginia. Public records from the Ohio Secretary of State and the Virginia State Corporation Commission confirm that Elite is incorporated in Ohio and maintains its principal place of business there. See 28 U.S.C. § 1332(c)(1) (providing that a corporation is deemed a citizen of any state in which it is incorporated and the state in which it has its principal place of business). Likewise, the defendants' exhibits support a finding that Trikilis is domiciled outside of Virginia, and Hollenbeck has offered no evidence that would suggest otherwise. See Axel Johnson, Inc. v. Carroll Carolina Oil Co., 145 F.3d 660, 663 (4th Cir. 1998) (explaining that citizenship of an individual defendant depends on domicile); see also District of Columbia v. Murphy, 314 U.S. 441, 455 (1941) ("The place where a man lives is

3

properly taken to be his domicile until facts adduced establish to the contrary."); Mondragon v. Capital One Auto Fin., 736 F.3d 880, 886 (9th Cir. 2013) ("[N]umerous courts treat a person's residence as prima facie evidence of the person's domicile.") (citations omitted). Even assuming that Trikilis intends to remain in Greece permanently or indefinitely, the exercise of diversity jurisdiction would still be appropriate. See 28 U.S.C. § 1332(a)(3) (providing for original jurisdiction over actions between "citizens of different states and in which citizens or subjects of a foreign state are additional parties"); see also Webb v. Nolan, 484 F.2d 1049, 1051 (4th Cir. 1973) (explaining that a change of domicile requires "residence in the new domicile and an intention to remain there permanently or indefinitely").

## Conclusion

For the reasons stated, the court concludes that complete diversity exists between Hollenbeck and the defendants, and that the case was properly removed to federal court. Accordingly, Hollenbeck's response to the notice of removal, which the court construes as a motion to remand, will be denied. The Clerk is directed to send copies of this memorandum opinion and the accompanying order to all counsel of record.

DATED: This 21st day of February, 2020.

_____
Senior United States District Judge